The next case up this morning is U.S. v. McSwain, 20-2732. Mr. Stevenson, whenever you're ready. Good morning, Your Honors. May it please the Court, Adam Stevenson on behalf of Montrell McSwain. Mr. McSwain's case involves two questions or two issues regarding... Mr. Stevenson, I want to interrupt you right away because we have short time here, so I apologize for doing that. But I assume your position is if we find that the district court did not understand the discretion that it had here, we need to remand for the district judge to make a decision in the first instance as to what sentence he would impose on your client. Is that correct? Yes. Yes, that is correct, Your Honor. All right. The second question is under Terry, and I know the government's position has changed on this, so I'm going to ask them the same question. But the way I read Terry, Terry says that we should focus on the petitioner's offense, not necessarily the criminal statute, what the petitioner did. Here, your client conspired to distribute, I think, was it 50 grams? I forgot what the statutory minimum is, the number of grams of heroin. But he did that. He violated 846, I think was the statute, right? And there were two objects of the conspiracy, and the jury found that he committed both offenses, conspiring to distribute crack and conspiring to distribute heroin. So why is the government's concession on the reading of Terry correct? Your Honor, I think the government's concession is correct, and Mr. McSwain's position is correct. And I think the best direction to point the court is to read out of the Second Circuit and what Mr. McSwain cited in his reply brief. Read, following Terry, dealt with this exact question, that is a mixed-drug conspiracy case involving cocaine-based and another non-cocaine-based substance. The court in Read examined Terry and identified that there was an elements-based quantity determination that differed from the outcome in Terry. And therefore, since in Terry dealing with B1C of the 841 statute, the provision without weights included, that since there were weights of cocaine-based included in the B1A and B1B sections relevant to cocaine-based, that Terry did not, and in fact supported the finding, that mixed-drug conspiracies were covered offenses under Section 404 of the First Step Act. And for that reason, that is why the government's concession is correct. And so far, no court has either withdrawn its previous finding that mixed-drug conspiracies are covered offenses, nor taken Terry to rule in the opposite. In fact, the Second, the Eighth, the Fifth, among others, have all held that mixed-drug conspiracy cases are covered offenses. As a practical matter, if we were to remand, is there a way for you to get out from underneath that minimum that the heroin triggers? Yes, Your Honor, and that is a key issue in this case, and that is following this court's ruling in Ruth with regard to Illinois cocaine convictions, Mr. McSwain no longer has, as of today, a qualifying predicate-enhancing felony for the purposes of 841, 851. So you would need, you agree, in order to get out from under that mandatory minimum, you would need Ruth to apply? Correct, Your Honor. And your position is that the district court, because it didn't think this was a, the conspiracy was a covered offense in the first instance, it didn't address the second issue, which is discretionary for it, whether or not it would apply Ruth? With regard to the district court's order, it's Mr. McSwain's position that it's unclear specifically what was the district court's ultimate basis for ruling. At the end of the day, the district court concluded that Mr. McSwain was, quote, not legally eligible. We would say that that relates to the covered offense determination of the mixed drug conspiracy, but with regard to the mandatory minimum, Ruth would have to apply. One of the interesting facts of Mr. McSwain's sort of process of litigation here was Ruth came out after the rounds of filing had been done, both Mr. McSwain pro se, the government's response in it, the government saying that Mr. McSwain's prior conviction still qualified present tense, and then the court's order happened just after Ruth was issued. And what's, I think, even more telling is with regard to Mr. McSwain's co-defendant, Mr. Dodson. Mr. Dodson had the same offense of federal conviction, the same prior Illinois cocaine conviction, and just received his order later than Mr. McSwain with the opportunity in a supplemental brief to raise the Ruth issue. And the district court in that case indicated that it would follow Ruth and did sentence Dodson below the 20-year mandatory minimum that would have applied had the prior cocaine conviction still qualified. If we agree with you that it's unclear what the district court's ultimate basis was here, is a limited remand appropriate as opposed to a full sentencing remand? We would ask that a full sentencing remand would be appropriate, Your Honor, in part to resolve this equitable matter of the timing of the Ruth decision to allow for the government to correct the position in its filing with regard to the accuracy of whether Mr. McSwain currently has a qualifying prior conviction. So we feel that a full remand for consideration of the motion and resentencing would be most appropriate. But just to, again, reemphasize the very limited nature of the potential reach here, Mr. McSwain's case is unique because of the timing and the sequencing of events that occurred here. Because of his filing actually before the pandemic, the various delays in filing as a result of the beginning of the pandemic, the government's filing, then Ruth. Mr. McSwain's efforts to try to get information about his case apparently without response or at least not clear response from the record, then the district court's unclear decision, we feel, again, that this is a fairly unique but rather narrow case in that many individuals will not fall into those unique procedural circumstances. And so we feel that Mr. McSwain's case should be remanded for full consideration of the motion and resentencing. Unless the court has further questions, I would like to reserve the remainder of my time. Thank you, Mr. Stevenson. Thank you. Ms. Bonamici? May it please the court? Good morning. Judge Kirsch, to answer your question first, it's government's understanding of the decision to change its position with respect to the covered offense issue that it was based, in large part, on the growing number of circuit courts that were ruling against the government's position that we were watching happen. But also, with respect to Terry, I think that what was picked up in Terry is the focus not on the facts but on the elements of the statutes. What Terry made clear was that it was important to look at the statute of conviction, and Terry interpreted that, as the government has been doing in its filings, to incorporate both the conduct statute, 841A, and the penalty statute together. And the distinction, of course, between the statute that Terry was considering, as my friend has already described, was the absence of the gradations for different weights and different drugs. So that's a distinction there. That's a factual distinction, but it's also a legal one. So I think that's what we'd say to that. With respect to, I think, what seems to be the crux of the situation here, the thing that really needs to be decided is whether the district court did what he was supposed to do and whether his decision is clear on the question of eligibility. Do you agree, Ms. Bonamici, that if the district court elected to exercise its discretion and apply Ruth, that the mandatory minimum wouldn't apply? I don't know that the record is complete on that issue, but that would certainly be true with respect to two of the convictions. I think it looks like that would be true, but there is no complete record on that, and so we would want to examine that. You came back in your supplemental and appreciate the supplemental filing, and your argument was we were wrong on whether or not this is a covered offense, but it doesn't matter because there's a mandatory minimum here that would apply, given the heroin that was involved. So my question for you is if defendant is right that the court didn't consider these other possibilities because the court determined in the first instance that it wasn't a covered offense, if we sent it back and the court were to consider Ruth, is it possible the court could go below the mandatory minimum? Does that make sense? Yes. You're asking me would it be appropriate? Is it within the court's discretion to go below? It's within the court's discretion to consider Ruth. I'm asking you if the court elects to exercise that discretion and apply Ruth, is it possible for the defendant to get a sentence below the mandatory minimum? Okay. I'm not sure that I do understand your question because I think you may be asking me is the court empowered to undo the mandatory minimum? Is that the question? Would the mandatory minimum still be applicable if Ruth kicks in, if you didn't have the 851 prior conviction? The answer to that I think is, or the answer I can give you is that all of the predicate convictions, as far as I know, again, the record's not complete, but I think they all involve cocaine. So if that's really what your question is. There are different statutes involved. There's a statute from another state that I'm not familiar with or deeply familiar with. I may be vaguely familiar with it. So there could be other prior convictions that would take the place of, I'll call it the Ruth conviction? Possibly. But that's what's undeveloped. I don't know that, and I don't know that. I also think there's a question, though, as to whether considering other legal developments, unrelated legal developments, incorporates the task of actually applying them. The defendant raised two issues that he thought the court should have looked at, and one was Section 401 of the First Step Act. And this is not compassion release, but there's a question, I think, whether in applying 404 the court's discretion extends to applying every other change in law that may have occurred. Maybe that's true. But there is a difference between, in some cases, considering factors in exercising your discretion under 3553A. There may be a window there. And actually applying them to undo a mandatory minimum that was lawful when it was imposed. And we are not in the world of. But if the interim, if there's a change in the law in the interim, wouldn't that be discretionary for the court whether or not to apply it? Didn't we decide that in faux wow? I'm not sure if I'm pronouncing that correctly. I tried to actually figure that out in reality, but I never got to the bottom of it. The court might elect not to do it, but the court would have the discretion to do it. Well, in that context, yes, the court definitely held that the district court could consider changes in the law. But, again, that's a good statement, a general statement, but when you go to apply that statement in particular circumstances. For example, if the court considered Section 401 of the First Step Act, would it be appropriate for the court to apply it when that statute, as we know, is not retroactive? I mean, would that raise similar questions to the ones raised in Becker? Would undoing the entire sentence based on factors unrelated to what's at issue in Section 404, would that in some way be an end run around the requirements of 2255? I'm not making that statement. We're not arguing that point, but we're saying when you ask could the court go below, the court might be able to go below. I mean, we would say that that's at least a possibility if all of these things are all right and the convictions all turn out to be cocaine and subject to ruth, and if everything lines up, that could happen. Whether the court would or should, I think is another matter in this case, that mandatory minimum here, unlike so many others, is actually in the middle of the guideline range. And so it's a different type of case than the ones we sometimes see where the mandatory minimum is huge and way beyond the guidelines, and you know what I mean. And the question isn't whether the court would or should. I think the question is whether or not the court could in the first instance. And the last question I think you may be getting at is a waiver question I don't think would apply in that context. I don't think that, well, first of all, we would waive the waiver. I mean, I don't think that that is a major problem here. But that's the last thing I can think of that would fit into the question that you were asking about how this would play out. But I do think that the issue, I do think to begin with, though, we can't get to that point until we decide that the court's decision is unclear enough. I understand. And I would say that it's not, and here's why. I think the court, actually I think the court did what it was supposed to do exactly. It started out, it began the opinion with setting forth the appropriate standards. It recognized that the inquiry was a two-part inquiry. It began the inquiry just where it's supposed to, deciding whether the defendant was eligible. The court decided that the defendant was eligible and decided and recognized that it had discretion. Can we consider the court's treatment of the co-defendant in our determination of whether the court's decision was unclear? I don't think that it is appropriate to consider it separate and apart from, without considering. I think the focus should be on what the court said in its order. So that's my view of that. I do understand that it raises questions, and it raises questions that I cannot answer. So I do, I understand that. But I think it's only fair to the district court to look at the order. And the order goes right down the line with what the court is supposed to be looking at. And there's no question at all that the court was entitled to consider the fact that the defendant was also convicted by the jury of the same amount of heroin that would make the sentencing or the mandatory sentence applicable. He was entitled to consider that the sentence was still applicable because of the heroin, which is what he was talking about. The court doesn't seem to have been aware of Ruth. And I know it had just come out on a fairness to the court. And it was not raised by the defense. And it wasn't raised by either side. Correct. Does that matter to our analysis if we can't tell whether or not the court considered that and rejected it or was aware of it? Well, I think we can tell that the court wasn't aware of it. I mean, I think that is the standard. I'm not sure that, I mean, the number of 404-B motions that can be raised by an individual defendant. I mean, all the defendants whose 404-B motions were decided before Ruth are in that same position. I mean, at some point there's an arbitrary line, and that's where you are. There are other mechanisms and maybe more appropriate mechanisms for dealing with this issue. But, you know, I mean, you'll always find an arbitrary place. I think that we're willing to say that there's no reason to think that the judge was aware of Ruth. There's no reason to think that the parties were aware of Ruth at the moment that this occurred. So I will say that. But I do think that when the judge says that the defendant is ineligible and isn't entitled, I think it's pretty clear in context that what he's saying is he already is facing this mandatory minimum based on the heroin. He's not really entitled. And this court has held outside the context of Ruth that the mandatory minimums that are applicable, that remain applicable on the second object of a dual object conspiracy, they still exist and they have to be respected. So his thinking was right on that in every way, I think. All right. Thank you, Ms. Bonamici. Thank you. Mr. Stevenson. Thank you, Your Honors. Just to pick up on the government's last point there, I do think there is a line that would need to be drawn. But what's important here is that Ruth predated the district court's order. Cases decided well before Ruth came out. That's an entirely different matter. But here with the government affirmatively stating that the prior conviction still qualified, Ruth coming out, and then the district court order following that, this would be an appropriate case to require or expect that the district court would consider Ruth. Understanding, of course, that we're in a pandemic, this is a pro se filer, and there are any of a number of reasons in addition to consider equitable principles. Judge St. Eve, to your question with regard to the mandatory minimum, there would still be a mandatory minimum at play. It's just a matter of whether it would be 20 years as enhanced under 851 or 10. And the district court did not appear to understand the nature of or the breadth of its discretion that it had as of the date of its order. And we cited to Johnson an unpublished opinion, but failing to recognize that a court can go to a different outcome or can give a different sentence is an abuse of discretion or a failure to properly exercise it. The government appears to be taking issue with Fowl Wow. Fowl Wow does seem to control here. It says that courts can consider, Ruth, that it needs to acknowledge that an argument is made. It does not need to follow it, but it can consider it. And I think Dodson is relevant in that instance, in that in within the same case, with a defendant convicted of the same relevant count with the same prior conviction, the result was a resentencing under the unenhanced mandatory minimum that was at play. For all of those reasons, Mr. McSwain asks that you reverse the order of the district court and remand for resentencing. Thank you, Your Honor. Thank you, Mr. Stevenson. And you were appointed to this case, so thank you for your strong advocacy and for taking the appointment. Thank you.